# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2956-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

 Plaintiff-Respondent,

v.

S.G.,

 Defendant,

and

K.A.G.,

 Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF K.K.G.-G.,
a minor.

_____

Argued September 29, 2022 – Decided October 5, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0110-21.

Catherine Wilkes, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Catherine Wilkes, of counsel and on the briefs).

Wesley Hanna, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Wesley Hanna, on the brief).

Melissa R. Vance, Assistant Deputy Public Defender, argued the  cause for minor K.K.G.-G. (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Melissa R. Vance, of counsel and on the brief).

PER CURIAM

Defendant K.A.G.[1] is the biological father of K.K.G.-G.  Defendant appeals from the June 2, 2021 judgment of guardianship terminating his parental rights to the child.  Defendant contends the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence.  The Law Guardian supports the termination on appeal as it did before the trial court.

---

[1] We refer to defendant and the child by initials to protect their privacy.  R. 1:38-3(d)(12).

A-2956-20

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Bernadette N. DeCastro in her thorough written decision rendered on June 2, 2021.

We will not recite in detail the history of the Division's interactions with defendant and K.K.G.-G. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge DeCastro's decision. We add the following brief comments.

The guardianship petition was tried before Judge DeCastro over the course of two days. The Division presented overwhelming evidence of defendant's parental unfitness and established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In her thoughtful opinion, Judge DeCastro concluded that termination of defendant's parental rights was in the child's best interests, and fully explained the basis for each of her determinations. In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Court judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are

supported by sufficient credible evidence. <u>N.J. Div. of Youth & Fam. Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007).

Applying these principles, we conclude that Judge DeCastro's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable. Children are entitled to a permanent, safe and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." <u>N.J. Div. of Youth & Fam. Servs. v. C.S.</u>, 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to promote the child's well-being." <u>Ibid.</u> That is because "[a] child cannot be held prisoner of the rights of others, even those of his or her parents. Children have their own rights, including the right to a permanent, safe and stable placement." <u>Ibid.</u>

The question then is "whether the parent can become fit in time to meet the needs of the children." <u>N.J. Div. of Youth & Fam. Servs. v. F.M.</u>, 375 N.J. Super. 235, 263 (App. Div. 2005); <u>see also</u> <u>N.J. Div. of Youth & Fam. Servs. v. P.P.</u>, 180 N.J. 494, 512 (2004) (indicating that even if a parent is trying to

change, a child cannot wait indefinitely). After carefully considering the evidence, Judge DeCastro reasonably determined that defendant was unable to parent K.K.G.-G. and would not be able to do so for the foreseeable future. Under those circumstances, we agree with the judge that any further delay of permanent placement would not be in the child's best interests.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2956-20